# Exhibit B



# Wagner · Hohns · Inglis, Inc.
## CONSULTANTS TO THE CONSTRUCTION INDUSTRY

1300 ROUTE 73 · SUITE 308 · MOUNT LAUREL, NEW JERSEY 08054
TEL: (609) 261-0100 · FAX: (609) 261-8584
email:whi-corp@whi-inc.com · internet: www.whi-inc.com

# Review of Electrical Contractors, Inc.

# Equitable Adjustment Claim
# for

# Robinson & Cole LLP

# on the

# Kelly Middle School Project
# Norwich, Connecticut

# The Pike Company
# Contractor

**Wagner Hohns Inglis, Inc.**
**11-19-13**

# TABLE OF CONTENTS

Executive Summary

Introduction

1.0　Methodology

　　1.1　ECI's Claim is Considered a Total Cost Claim

　　1.2　ECI's Claim Fails to Establish "Cause and Effect"

　　1.3　"Measured Mile" Methodology

2.0　ECI's Damage Calculation Does Not Eliminate Labor For Other Phases

3.0　ECI's Work Was Not Substantially Impacted by Delays and Disruptions

4.0　ECI's Payment Requisitions

**EXECUTIVE SUMMARY**

Wagner Hohns Inglis' (WHI) review of Electrical Contractors, Inc's (ECI) Equitable Adjustment claim concludes to a reasonable degree of certainty that:

- ECI's claim is considered a "Total Cost" claim and, as a result, makes <u>no</u> attempt to calculate loss of productivity.
- ECI's claim fails to establish "cause and effect", providing no specific link of alleged Pike delays to specific periods of alleged ECI damages.
- ECI elected <u>not</u> to use the "Measured Mile" methodology, an accurate and accepted methodology in the construction industry.
- ECI does <u>not</u> eliminate man-hours expended for other phases when computing its claim for Phase 3 work.
- In the majority of Phase 3 work areas, the <u>actual</u> installation of Pike's and ECI's work did <u>not</u> differ significantly from how Pike and ECI planned their work.
- Based on ECI's payment requisitions, ECI accomplished approximately <u>half</u> of its work in approximately <u>half</u> of the Phase 3 contract time frame.

## INTRODUCTION

The Pike Company, by and through its counsel, Robinson & Cole LLP, asked Wagner Hohns Inglis, Inc. (WHI) to review Electrical Contractors, Inc.'s (ECI) equitable adjustment claim and provide an opinion on certain items as detailed further in this report.

A copy of my resume is attached hereto, which includes a list of all publications authored. An attachment to the resume lists other cases in which I have testified as an expert at trial, arbitration or by deposition.

Below is a list of the documents WHI reviewed in making its opinions. WHI was also interviewed Pike project personnel:

- Pike Daily Field Reports
- ECI Daily Field Reports
- ECI Claims dated 10-01-10 and 03-04-11
- Contract General Conditions
- Project Phasing Plan
- Project CPM Schedules
- Project As-Built Schedule
- ECI Certified Payrolls
- Selected Project Correspondence
- ECI Job Performance Review Forms
- ECI Project Job Cost Sheets
- ECI Payment Requisitions

The compensation paid for providing this report approximates $23,000.

Based upon WHI's experience, knowledge of industry standards for the calculation of construction related impact/loss of productivity damages and a review of the project documents itemized above, WHI provides the following opinions to a reasonable degree of certainty:

## 1.0 Methodology

### 1.1 ECI's Claim is Considered a Total Cost Claim

ECI's claim is considered a "Total Cost" claim. A Total Cost claim simply seeks the difference between the contractor's total cost (or total man-hours) expended and its bid cost (or man-hours bid) for the project. The Total Cost methodology:

- Makes no attempt to actually calculate loss of productivity
- Makes no link between cause and effect
- Assumes all problems are attributed to others

### 1.2 ECI's Claim Fails to Establish "Cause and Effect"

ECI's claim fails to establish "cause and effect" or specifically link the alleged Pike impact/disruption issue(s) to specific periods that allegedly caused ECI's damages. ECI simply alleges that Pike controlled work items (i.e. demolition, steel), impacted its work, and caused ECI damages, without providing further explanation or analysis. ECI fails to show the specific time periods that the demolition and steel impacted ECI's man-hours/cost and fails to show which specific building areas experienced this impact/disruption.

### 1.3 "Measured Mile" Methodology

Loss of productivity claims in the construction industry commonly utilize a methodology referred to as a "Measured Mile" analysis, which is considered the most accurate method for measuring loss of productivity. A Measured Mile analysis compares the contractor's actual productivity on a non- impacted part of the construction with the contractor's actual productivity on an impacted/disrupted part of the construction. The analysis must specifically indentify the cause or responsibility for the impact/disruption to the contractor's construction tasks. The cause or responsibility must be outside the control of the contractor. The analysis must also indentify the effect or specifically where the loss of productivity occurred. The comparison of the non-impacted with the impacted/disrupted construction, allows for the calculation of the contractor's loss of productivity.

ECI's claim makes <u>no</u> attempt to calculate its loss of productivity using the Measured Mile methodology.

## 2.0 ECI's Damage Calculation Does Not Eliminate Labor for Other Phases

WHI's analysis of the reliability and methodology of ECI's damage calculations or its loss of productivity concludes that ECI has included substantial labor man-hours for other phase work in its Phase 3 claim. WHI understands that another expert has performed a detailed analysis of this issue. However, in evaluating the methodology used, it is WHI's opinion that ECI failed to exclude significant amounts of non-Phase 3 work in its Phase 3 calculation of damages. Therefore, ECI's damage calculation is unreliable and not in accordance with standard practices for calculating construction loss of productivity damages.

## 3.0 ECI's Work Was Not Substantially Impacted by Delays and Disruptions

ECI claims that it expended more labor man-hours for Phase 3 than originally estimated and that this was the result of schedule disruptions caused by Pike. As discussed above, ECI has made no effort to establish a cause and effect or link between the alleged impacts and disruptions and its increased labor hours.

Notwithstanding the lack of cause and effect analysis in ECI's claim, WHI undertook a review of the project schedules for this project. Specifically, WHI prepared an As-Built Schedule from Pike's Daily Field Reports and Pikes CPM schedules. WHI performed an As-Planned/As-Built Comparison Delay Analysis (AP-AB) (to be provided), which compares Pike's/ECI's plan to construct the project with how the project was actually constructed. This methodology is commonly used for impact claim analysis.

WHI's analysis concludes that in the <u>majority</u> of Phase 3 work areas, the actual installation of Pike's and ECI's work did not differ significantly from how Pike and ECI planned their work. In a <u>small</u> percentage of the Phase 3 work areas that showed some delay, the impact was at most one (1) to two (2) weeks. Therefore, WHI believes that his type of impact would not yield the magnitude of loss of productivity damages alleged by ECI.

### 4.0   ECI's Payment Requisitions

WHI's analysis is further supported by the fact that ECI's payment requisitions show that as of 07-31, ECI had requisitioned forty five (45) percent of its Phase 3 work. This percentage was verified in the field by Mel Strauss, Pike's project manager. Therefore, ECI accomplished approximately half of its work in approximately half of the Phase 3 contract time frame. This is inconsistent with ECI's claim alleging that as a result of early delays/disruption (i.e. demolition, steel), much of ECI's work was "pushed" into the latter part of August.

# Exhibit C



# Wagner • Hohns • Inglis, Inc.
CONSULTANTS TO THE CONSTRUCTION INDUSTRY

## Richard S. Merkhofer, President

| | |
|---|---|
| **EDUCATION** | B.S. Architectural Technology<br>New York Institute of Technology, 1974<br><br>A.A.S. Construction Technology<br>New York State University Agriculture and Technical College, 1972 |
| **PROFESSIONAL ASSOCIATIONS** | Associated General Contractors of America<br>Associated General Contractors of New Jersey |
| **AREA OF EXPERTISE** | Mr. Merkhofer is a recognized expert construction in delay / disruption / loss of productivity analysis. He has performed claims analyses on more than 250 commercial buildings, airports, highway and public works projects. In addition, he has been qualified as an expert in both State and Federal Courts.<br><br>Mr. Merkhofer is widely regarded as one of the top CPM scheduling professionals in the U.S., having scheduled more than 400 projects, valued at over 6 billion dollars; including hospitals, water treatment plants, high / low rise commercial buildings, schools, airport terminals and correctional facilities. |
| **Continuing Education Programs** | Associated General Contractors of America (AGC)<br>Project Management Course: CPM Scheduling, Delay Analysis, Claims Prevention<br><br>Rutgers, The State University of New Jersey and the<br>Building Contractors Association of New Jersey<br>Construction Project Management Certificate Program:<br>Computer Enhanced Planning, Scheduling and Control<br><br>Richard Stockton College of New Jersey<br>Computer Enhanced Planning, Scheduling and Control<br><br>Continuing Legal Education (CLE) Credits<br>Four (4) Accredited Construction Programs -<br>New Jersey, Pennsylvania, New York, Florida, Georgia |
| **Publications and Technical Reports** | Constructor, AGC's Construction Management magazine<br>New England Construction News<br>New Jersey Building Contractor<br>AWCI's Construction Dimension<br>FW Dodge Construction News<br>AGC Construction Planning and Scheduling publications |
| **EMPLOYMENT** | Wagner Hohns Inglis, Inc., Mount Laurel, NJ<br>President     (2010 to present)<br>Senior Vice President     (1999 – 2010)<br>Vice President     (1983 – 1999)<br>Senior Consultant/Nat'l Manager of Scheduling     (1979 – 1983)<br>Consultant     (1975 – 1979)<br>Bechtel Power Corporation<br>Cost Trend Engineer     (1974 – 1975) |



# Richard S. Merkhofer
President

# Expert Testimony Experience

| Forum<br>Trial (T)<br>Arbitration (A)<br>Deposition (D)<br>Hearing (H)<br>Mediation (M) | Project | Plaintiff(s) / Claimant(s) | Defendant(s) / Respondent(s) | Attorney(s) | Court District /<br>Case and / or<br>Docket Number | Date(s) |
|---|---|---|---|---|---|---|
| T | Klipper Construction v. Warwick Township Water & Sewer Authority | Klipper Construction | Warwick Township Water and Sewer Authority | Client Attorney For:<br>CLAIMANT<br><br>Roy Cohen<br>Cohen Seglias Pallas Greenhall and Furman<br>United Plaza, 19th Floor<br>30 South 17th Street<br>Philadelphia, PA 19103 | Bucks County Court, Doylestown, PA | July 12, 2013 |
| A | Kemron Environmental v. Merion Construction Management | Merion Construction Management | Kemron Environmental | Client Attorney For:<br>DEFENDANT<br><br>Bruce Phillips<br>Venzie Phillips Warshawer<br>2032 Chancellor Street<br>Philadelphia, PA 19103 | American Arbitration Association<br>Philadelphia, PA | March, 22, 2012 |
| M | The Reading Citadel / Intermediate High School | Perratto Construction (General Prime), Mechanical, Electrical, Plumbing Prime Contractors | Reading School District | Client Attorney For:<br>DEFENDANT<br><br>Sam Warshawer<br>Venzie Phillips Warshawer<br>2032 Chancellor Street<br>Philadelphia, PA 19103 | Philadelphia, PA | February 13, 2012 |
| A | Township of South Orange Village vs. Colonial Surety Company, G. Pacillo Contracting, Parikh, Inc., Aegis Security Insurance Company | Township of South Orange Village | Colonial Surety Company, G. Pacillo Contracting, Parikh, Inc., Aegis Security Insurance Company | Client Attorney For:<br>CLAIMANT<br><br>Steven C. Rother<br>Thomas J. Whitney<br>Post, Polak, Goodsell, MacNeill & Strauchler, P.A.<br>425 Eagle Rock Avenue – Suite 200<br>Roseland, NJ 07068-1717 | American Arbitration Association<br>Case No: 18 110 Y 00791 09<br><br>18 110 Y 00791 09 | February 21, 2011 |



# Richard S. Merkhofer
## President

# Expert Testimony Experience

| Forum<br>Trial (T)<br>Arbitration (A)<br>Deposition (D)<br>Hearing (H)<br>Mediation (M) | Project | Plaintiff(s) / Claimant(s) | Defendant(s) / Respondent(s) | Attorney(s) | Court District /<br>Case and / or<br>Docket Number | Date(s) |
|---|---|---|---|---|---|---|
| A | Handwerk v. WashCo Carlisle Crossing | Handwerk | WashCo Carlisle Crossing | Client Attorney For:<br>PLAINTIFF<br><br>Joseph LaFlamme<br>Paul R. Ober & Associates<br>234 N. 6th Street<br>Reading, PA 19601 | Blue Bell, PA | August 2009 |
| M | I. D. Griffith Inc. v. GBC Christina Landing, LLC | I. D. Griffith Inc. | GBC Christina Landing, LLC | Client Attorney For:<br>CLAIMANT<br><br>Ed Seglias<br>Cohen, Seglias, Pallas, Greehall & Furman<br>United Plaza, 19th Floor<br>30 South 17th Street<br>Philadelphia, PA 19103 | Wilmington, DE | June 2009 |
| T | J. J. DeLuca Company, Inc. v. Toll Naval Associates, LP | J. J. DeLuca Company, Inc. | Toll Naval Associates | Client Attorney For:<br>DEFENDANT<br><br>Fred Jacoby<br>Cozen O'Connor<br>1900 Market Street<br>5th Floor<br>Philadelphia, PA 19103 | Court of Common Pleas<br>First Judicial District<br>Philadelphia, PA<br><br>Case No.: 00885 | May 2009 |
| M | Empire v. Klipper Construction | Empire | Klipper Construction | Client Attorney For:<br>CLAIMANT<br><br>Ed Delisle<br>Cohen, Seglia, Pallas, Greenhall & Furman<br>United Plaza, 19th Floor<br>30 South 17th Street<br>Philadelphia, PA 19103 | Philadelphia, PA | June 2006 |



# Richard S. Merkhofer
## President

# Expert Testimony Experience

| Forum<br>Trial (T)<br>Arbitration (A)<br>Deposition (D)<br>Hearing (H)<br>Mediation (M) | Project | Plaintiff(s) / Claimant(s) | Defendant(s) / Respondent(s) | Attorney(s) | Court District /<br>Case and / or<br>Docket Number | Date(s) |
|---|---|---|---|---|---|---|
| A | Kean University<br>Underground Steam System | Structural Concepts Inc. | Kean University | Client Attorney For:<br>CLAIMANT<br><br>Peter Moutis, Esq.<br>Hackensack, NJ<br>(201) 343-0073 | American Arbitration<br>Association | October 21, 2005 |
| D | Federal Correctional Facility | Metric Constructors Inc. | The United States | Client Attorney For:<br>PLAINTIFF<br><br>Douglas Patin, Esq.<br>(formerly)<br>Spriggs Hollingsworth<br>Washington, D.C.<br><br>(presently)<br>Bradley Arant Rose & White<br>Washington, D.C. | Federal Court<br>Estill, SC | September 16, 2003 |
| A | Sonoma Maple Schuyler | J.B.Cruz | Massachusetts Housing Finance Agency | Client Attorney For:<br>CLAIMANT<br><br>Richard E. Duggan, Esq.<br>150 Abbey Gate<br>Cotuit, MA 02635<br>(508) 420-1109 | American Arbitration<br>Association<br><br>11 110 00228 98 | March 16, 2000<br>March 15, 2000 |
| D | Federal Prison | Morganti, Inc. | The United States | Client Attorney For:<br>DEFENDANT<br><br>Watt, Tieder, Hoffar and Fitzgerald LLP<br>7929 West Park Drive, Suite 400<br>McLean, VA 22101<br>(703) 749-1000 | United States Court of<br>Federal Claims<br><br>97-744C | February 16, 2000 |



# Richard S. Merkhofer
## President

# Expert Testimony Experience

| Forum<br>Trial (T)<br>Arbitration (A)<br>Deposition (D)<br>Hearing (H)<br>Mediation (M) | Project | Plaintiff(s) / Claimant(s) | Defendant(s) / Respondent(s) | Attorney(s) | Court District /<br>Case and / or<br>Docket Number | Date(s) |
|---|---|---|---|---|---|---|
| D | Federal Prison | Maris Equipment Company Inc. | Morganti, Inc. | Client Attorney For:<br>DEFENDANT<br><br>Pepe Hazard LLP<br>Goodwin Square<br>Hartford, CT 069103-4302<br>(860) 522-5175 | United States District Court<br><br>96 CV 2205 | February 2, 2000 |
| T | Federal Correctional Facility<br><br>United States of America for the Use and Benefit of Joseph Shisko, Inc. v. Metric Constructors Inc. and the Aetna Casualty and Surety Company | Joseph Shisko, Inc. | Metric Constructors, Inc., The Aetna Casualty and Surety Company | Client Attorney For:<br>DEFENDANT<br><br>James L. Bruner, Esq. & Brian P. Robinson, Esq.<br>Burner, Powell & Robbins<br>1735 St. Julian Place, Suite 200<br>Columbia, SC  29260<br>(803) 252-7693 | Federal Court, South Carolina Beaufort Division, Judge Julian Able Cook, Jr..<br><br>9:94-1894-19 | July 31, 1997<br>July 30, 1997<br>July 29, 1997<br>July 28, 1997 |
| D | Pennsylvania Convention Center Exhibition Hall | Allied Fire and Safety Equipment Company Inc. | Dick Enterprises and American Casualty Co. and Continental Casualty Co. | Client Attorney For:<br>DEFENDANT<br><br>Roy Powell, Esq.<br>Jones Day Reavis & Pogue<br>500 Grant Avenue<br>Pittsburgh, PA  15219<br>(412) 391-3939 | United States District Court for Eastern District of Pennsylvania<br><br>94-2489 | November 25, 1996 |
| D | Dick Corporation v. Brown & Root, Inc. v. Sun Company, Inc. | Dick Corporation, a Pennsylvania Corporation | Brown & Root, Inc.<br>Brown & Root Braun<br>Sun Company, Inc, 3rd Party Defendant | Client Attorney For:<br>PLAINTIFF<br><br>Maura E. Fay, Esq.<br>Dilworth Paxson Kalish & Kauffman<br>3200 The Mellon Bank Building<br>Philadelphia, PA  19103<br>(215) 575-7000 | District Court for Eastern District of Pennsylvania Civil Action<br><br>95-2373 | December 21, 1995 |



# Richard S. Merkhofer
President

# Expert Testimony Experience

| Forum<br>Trial (T)<br>Arbitration (A)<br>Deposition (D)<br>Hearing (H)<br>Mediation (M) | Project | Plaintiff(s) / Claimant(s) | Defendant(s) / Respondent(s) | Attorney(s) | Court District /<br>Case and / or<br>Docket Number | Date(s) |
|---|---|---|---|---|---|---|
| T | Jefferson Barracks Bridge Substructure of Major Highway Bridge over the Mississippi River | Frunin-Colnon Corporation<br>Granite Construction Company | The Illinois Department of Transportation | Client Attorney For:<br>DEFENDANT<br><br>Robert O'Donnell, Esq.<br>Eiden, Echert & O'Donnell<br>175 E. Hawthorne Parkway<br>Vernon Hills, IL<br>(874) 367-2750 | Court of Claims<br>State of Illinois<br><br><br>86 CC 0870 | August, 1993 |
| T | Fifteen (15) Bridges on I-575 | Frunin-Colnon and<br>Voss Construction | The Georgia Department of Transportation | Client Attorney For:<br>DEFENDANT<br><br>David Hendrick, Esq.<br>Hendrick, Phillips, Schenn & Salzman<br>1800 Peachtree Center Tower<br>230 Peachtree Street, NW<br>Atlanta, GA 30303<br>(404) 522-1410 | Court of Claims<br>State of Georgia<br><br><br>86-CV-1111 | 1992 |
| D | Fifteen (15) Bridges on I-575 | Frunin-Colnon and<br>Voss Construction | The Georgia Department of Transportation | Client Attorney For:<br>DEFENDANT<br><br>David Hendrick, Esq.<br>Hendrick, Phillips, Schenn & Salzman<br>1800 Peachtree Center Tower<br>230 Peachtree Street, NW<br>Atlanta, GA 30303<br>(404) 522-1410 | Court of Claims<br>State of Georgia<br><br><br>86-CV-1111 | June, 1991 |
| D | New Jersey Transit Rail Equipment and Maintenance Facility | Ebasco Constructors<br>Hatzel & Buehler Inc. | New Jersey Transit Corp. | Client Attorney For:<br>PLAINTIFF<br><br>Thompson & Waldron<br>1055 N. Fairfax St.<br>4th Floor<br>Alexandria, VA 22314 | Superior Court of NJ,<br>Law Division, Hudson County<br><br>L-76626-87 | 1989 |



# Richard S. Merkhofer
President

# Expert Testimony Experience

| Forum<br>Trial (T)<br>Arbitration (A)<br>Deposition (D)<br>Hearing (H)<br>Mediation (M) | Project | Plaintiff(s) / Claimant(s) | Defendant(s) / Respondent(s) | Attorney(s) | Court District /<br>Case and / or<br>Docket Number | Date(s) |
|---|---|---|---|---|---|---|
| T | Mellon-Stuart Company and Kirby Electric Company, v. Board of Regents | Mellon-Stuart Company and Kirby Electric Company | Board of Regents | Client Attorney For:<br><br>INFORMATION NOT AVAILABLE | Court of Claims<br>State of West Virginia<br><br>CC-82-14 | May 14, 1984 |
| D | Office Building, Indiana Power & Light Co. | Frank Briscow Co., Inc. | Indiana Power & Light<br>Kling Partnership | Client Attorney For:<br>PLAINTIFF<br><br>Locke Reynolds<br>201 N. Illinois Street<br>Suite 1000<br>PO Box 44961<br>Indianapolis, IN 46244-0961<br>(317) 237-3800 | | |