UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE PIKE COMPANY, INC.,

               Plaintiff,

     v.

UNIVERSAL CONCRETE PRODUCTS,
INC.,

               Defendant.

_____

MARIST COLLEGE,

               Plaintiff-Intervenor,

     v.

UNIVERSAL CONCRETE PRODUCTS,
INC.,

               Defendant.

_____

**DECISION AND ORDER**

6:17-CV-06365 EAW

## <u>INTRODUCTION</u>

A jury trial is scheduled to commence in this matter on July 11, 2022.  As part of the pretrial filings, defendant Universal Concrete Products, Inc. ("UCP") filed a motion *in limine* to preclude plaintiff The Pike Company, Inc. ("Pike") from seeking recovery for a previously undisclosed category of damages (and amending its exhibit list to include previously undisclosed documents).  (Dkt. 126).  At an appearance held on June 17, 2022, the Court indicated that UCP's motion was granted to the extent it sought to preclude Pike

from seeking recovery of the previously undisclosed damages of "Fees Associated with Lien Bonds" and to the extent it sought to preclude Pike from amending its exhibit list to include documents related to this category of damages.[1]   This Decision and Order memorializes the Court's reasoning.

## BACKGROUND

Pike commenced this action against UCP based upon disputes relating to the construction of dormitory buildings on the campus of Plaintiff-Intervenor Marist College ("Marist").  The action was commenced in New York State Supreme Court on May 4, 2017, and the action was removed to this Court on the basis of diversity jurisdiction on June 9, 2017.  (Dkt. 1).  Discovery proceeded pursuant to various scheduling orders between March 2018 and October 2019.  (Dkt. 40; Dkt. 44; Dkt. 46; Dkt. 47; Dkt. 52; Dkt. 53; Dkt. 54; Dkt. 63).  A jury trial is scheduled to commence on July 11, 2022, having been adjourned from the originally scheduled date of May 16, 2022, due to a conflict with the Court's criminal calendar.  (Dkt. 136).

In anticipation of the trial, the Court issued a Pretrial Order on August 31, 2021, setting forth various deadlines for pretrial filings, including a March 11, 2022, deadline for

---

[1]   At the appearance on June 17, 2022, the Court further indicated that it was generally not inclined to preclude Pike from amending its exhibit list to include documents that had been previously produced in discovery notwithstanding the untimeliness of the amended exhibit list, primarily due to the lack of prejudice to UCP.  However, the Court also indicated that Pike needed to amend its exhibit list to comply with the numbering format required by the Court's Pretrial Order, and that UCP could then file any objections to that amended list and those objections would be addressed at the further pretrial conference scheduled for June 27, 2022.  Accordingly, portions of UCP's motion *in limine* filed at Docket 126 remain unresolved.

each party to file an itemized statement of the damages sought.  (Dkt. 100).  Pike filed its

itemized list of damages by that deadline and included a category of damages as "Unpaid

UCP Vendors" in the amount of  $580,855.00, broken down as follows:

| | |
|---|---|
| PRSUS | $ 250,874.00 |
| Deiner Brick | $  83,156.00 |
| Herb Speck Masonry | $ 143,719.00 |
| FRRT10- Trucking | $ 103,106.00 |
| Total | $ 580,855.00 |

(Dkt. 108-3).  Subsequent to that filing, counsel for UCP informed Pike's counsel that the

above-referenced category of damages was not recoverable because some or all of the liens

had lapsed.  (*See* Dkt. 126-2 at ¶¶ 11-12).  Instead of simply withdrawing this category of

unrecoverable damages, on April 14, 2022, without leave of Court, Pike filed an amended

statement of damages containing an entirely new category of damages—"Fees Associated

with Lien Bonds" in the total amount of $182,478.00, broken down as follows:

| | |
|---|---|
| UCP | $ 135,702.00 |
| PRSUS | $  22,076.00 |
| Herb Speck Masonry | $  18,972.00 |
| American Iron | $   5,728.00 |
| Total | $ 182,478.00 |

(Dkt. 125-3).  Contemporaneously with the filing of this newly disclosed category of

damages, Pike filed an amended exhibit list identifying 83 additional exhibits, many of

which appeared to be related to this new category of damages.  (Dkt. 125-2; *see* Dkt. 126-

2 at ¶ 19).  Pike's counsel conceded during the appearance before the undersigned on June

17, 2022, that these changes were made in response to the objections by UCP's counsel to

Pike seeking damages in the form of "Unpaid UCP Vendors" based on the expired liens.

Pike's counsel also conceded that damages in the form of "Fees Associated with Lien Bonds" had never been disclosed or identified prior to the filing on April 14, 2022.

Pike's amended filing prompted UCP to file a motion *in limine* to preclude Pike from seeking recovery for this previously undisclosed category of damages (and amending its exhibit list to include previously undisclosed documents). (Dkt. 126). Pike filed papers in opposition to the motion (Dkt. 129), and UCP filed a reply (Dkt. 134). Oral argument was held before the undersigned on June 17, 2022, at which time the Court indicated that UCP's motion was granted to the extent it sought to preclude Pike from seeking recovery of the previously undisclosed damages of "Fees Associated with Lien Bonds" and to the extent it sought to preclude Pike from amending its exhibit list to include documents related to this category of damages.

## DISCUSSION

There is no dispute that during the discovery process and prior to the deadlines set in the Court's Pretrial Order, Pike never disclosed that it was seeking damages for "Fees Associated with Lien Bonds." It was only when it became aware that it could not recover damages for "Unpaid UCP Vendors" because some or all of the liens had expired, that Pike changed course and sought to recover a new category of damages not previously disclosed. Likewise, there is no dispute that the amounts previously listed as comprising the "Unpaid UCP Vendors" did not include as a component the "Fees Associated with Lien Bonds" that Pike now seeks to recover. In other words, the "Fees Associated with Lien Bonds" were not included as a subset or lesser included amount of the original damages sought. Instead,

they represent an entirely new category of damages that was never explored during discovery.

In assessing whether to exclude evidence for failure to timely comply with discovery obligations, a court must consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). Here, Pike has no adequate explanation for its failure to previously disclose this category of damages (and associated documents). Rather, when it became obvious to Pike that some of the damages it was seeking were not legally viable, it scrambled to attempt to maintain the value of its alleged financial losses by substituting an entirely new category of damages. Thus, consideration of the first factor weighs heavily in favor of preclusion.

The Court recognizes that the evidence is important—it represents a category of damages that Pike claims it is entitled to recover. On the other hand, it could not have been *that important* if it was not until almost five years into the litigation that Pike identified the damages category for the first time.

The prejudice to UCP in having to defend against a category of damages that it was never able to explore in discovery is self-evident. For instance, UCP contends that had it known Pike intended to pursue this claim, it would have engaged in discovery designed to inquire whether the liens had lapsed and if Pike was incurring lien bond premiums that may have been unnecessary.

- 5 -

Finally, in light of the age of this case and general scheduling conflicts,[2] any further continuances of this trial to permit reopening of discovery is not an option. *See Fleisig v. ED&F Man Cap. Markets, Inc.*, No. 19CV8217 (DLC), 2021 WL 2494889, at *2 (S.D.N.Y. June 18, 2021) (granting pretrial motion *in limine* where "Plaintiffs have not provided a reasonable explanation for the delay in identifying the damages theory they now intend to pursue"); *Kodak Graphic Can. Co. v. E.I. Du Pont de Nemours & Co*., No. 08-CV-6553-FPG, 2013 WL 5739041, at *5-6 (W.D.N.Y. Oct. 22, 2013) (precluding defendant from pursuing additional damages where defendant "provided little to no explanation for their failure to comply with the disclosure requirement," and "investigating . . . additional damages would result in further substantial delays in the resolution of this case. . . .").

## CONCLUSION

For the foregoing reasons and for the reasons identified on the record at the appearance on June 17, 2022, UCP's motion *in limine* (Dkt. 126) is granted to the extent it seeks to preclude Pike from pursuing recovery of the previously undisclosed damages of "Fees Associated with Lien Bonds" and to the extent it seeks to preclude Pike from amending its exhibit list to include documents related to this category of damages.

---

[2]   The Court has already had to adjourn the trial once due to its criminal calendar, and given its trial calendar (which has become even more congested because of a backlog caused by the COVID-19 pandemic), any rescheduled date would not occur until well into 2023.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: June 27, 2022
Rochester, New York